NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

OCT 19 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE JUAN BARBA-AGUILAR, | No. 19-70978 |
| Petitioner, | Agency No. A208-967-468 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Jose Juan Barba-Aguilar, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Barba-Aguilar's omission from his declaration of his store ownership, extortion demands, and threats; and an inconsistency between Barba-Aguilar's testimony and his declaration as to his reasons for entering the United States and fearing return to Mexico. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185-86 (9th Cir. 2016) (prior omission supported adverse credibility determination where new allegations presented a more compelling claim of persecution). Barba-Aguilar's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Barba-Aguilar's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Barba-Aguilar's CAT claim because it was based on the same evidence found not credible, and he does not point to any other record evidence that compels the conclusion that it is

19-70978

more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Shrestha*, 590 F.3d at 1048-49.

We lack jurisdiction to consider the due process claims that Barba-Aguilar raises for the first time in his opening brief because he did not raise them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**